FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ FEB 22 2013 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>– against –<br><br>MENDY GORODETSKY & SHOLOM RABKIN,<br><br>Defendants. | 12-CR-515<br>12-CR-516<br><br>Statements of Reasons for Sentences<br>Pursuant to 18 U.S.C. § 3553(c)(2) |

**Appearances**

**For the United States of America**

    Jeffrey B. Bender, Esq.
    Trial Attorney
    U.S. Department of Justice, Tax Division
    Northern Criminal Enforcement Section
    601 D. Street, N.W. – Room 7818
    Washington, DC 20530

**For Mendy Gorodetsky & Sholom Rabkin**
(on consent after *Curcio* hearing)

    Richard A. Finkel, Esq.
    Meissner, Kleinberg & Finkel, LLP
    275 Madison Avenue, Suite 1000
    New York, New York 10016

1

**JACK B. WEINSTEIN, Senior United States District Judge:**

## I. Introduction

Defendants Shalom Rabkin and Mendy Gorodetsky are business partners. They jointly own and operate Asbestways Services Corporation ("Asbestways"), a licensed environmental abatement company with some fifty employees located in Brooklyn, New York. *See* Rabkin Sentencing Hr'g Tr. 15-16.

Each defendant pled guilty to a one-count information charging income tax evasion, 21 U.S.C. § 7201. From 2006 to 2008, both defendants significantly underreported their income for federal tax purposes by filing false individual returns and failing to file. They skimmed Asbestways income to pay personal expenses. Owed by Gorodetsky to the Internal Revenue Service (IRS) as a result of the cheating charged in the indictment is $188,757. Rabkin owes $148,999.

Most income tax evasion is undiscovered. To be effective as general deterrence, punishments should lead entrepreneurs considering tax evasion to calculate that they will be punished by incarceration and substantial financial penalties if their cheating is discovered.

This sentence should also take into account the welfare of the fifty or more employees whose jobs depend on the presence and management of the defendants. The absence of both defendants if they are incarcerated at the same time will seriously adversely affect the well-being of defendants' families and those of their many employees.

## II. Facts

Gorodetsky is 41 years old, married with three young children. He is the sole source of income for his family. He provides critical material and psychological support for his parents, siblings, and extended family. He plays an active positive role in the Crown Heights community

of Brooklyn. He is a trained emergency medical technician, volunteering for, and coordinating, the response of, a local volunteer ambulance and medical corps.

Rabkin is 44 years old. He is married with three young children. One child suffers from serious learning disabilities. He provides the family's only support. Rabkin has a leading role in the religious affairs of his community.

Both defendants have only a high-school education. They were raised under lower socioeconomic circumstances.

Were the defendants absent at the same time, their business would collapse. Rabkin Sentencing Hr'g Tr. 15:20-16:2. It is important that asbestos removal work be done well, meeting all safety requirements for abatement, protecting both employees and the public. *Cf. U.S. v. Desnoyers*, 11-5194-cr, at *22 (2d Cir. Feb. 14, 2013) (doubting the substantive reasonableness of probation for an air monitor on asbestos abatement projects whose offenses "exposed many persons to prolonged risk of insidious and fatal disease").

### III. Sentencing

Each sentencing proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the various factors that a district court must evaluate. *See* 18 U.S.C. § 3553(a); *In re Sentencing*, 219 F.R.D. 262, 264–65 (E.D.N.Y.2004) (utility on appeal). The families of both defendants sat with them at counsel table. Supporting members of the community in substantial numbers were in the audience.

The total offense levels and criminal histories were the same for each defendant. There was an identical victims—the IRS. Both defendants accepted full responsibility and cooperated with the prosecutor and IRS.

The offense level for each defendant was thirteen. Neither defendant had a criminal record. The Guidelines range of imprisonment is twelve to eighteen months; alternatively, authorized is a term of imprisonment of six months followed by supervised release with six months of community confinement or home detention. *See* U.S.S.G. § 5C1.1(d)(2).

## IV. Sentences Imposed

Imposed were Guidelines sentences under section 3553(a) of title 18 and *United States v. Booker*, 543 U.S. 220, 245-46 (2005). Respectful consideration was given to the Guidelines, the Sentencing Commission's policy statements, and all other factors listed under section 3553 of title 18, to ensure that the sentence was "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. *See* 18 U.S.C. § 3553(a).

Both defendants were sentenced to four months imprisonment, to be followed by six months home confinement—with leave to manage the business, conduct religious affairs, and obtain medical services as necessary—while serving three years of supervised release. Six months imprisonment, as provided as an alternative in the Guidelines, is greater than is required for either general or specific deterrence.

Defendant Gorodetsky will begin to serve his term of imprisonment ten days after defendant Rabkin ends his period of incarceration. This sequence will ensure that while one defendant is in custody the other can continue the business so that the workers remain employed and the defendants' families are financially supported. *See e.g.*, *US v. Kloda*, 133 F.Supp.2d 345 (S.D.N.Y. 2001) (ordering one defendant in income tax evasion case to begin term of incarceration two months after his daughter's period of incarceration ended to ensure continuing care for daughter's small child and proper management and transition of their printing business); *U.S. v. Milikowsky*, 65 F.3d 4 (2d Cir. 1995) (affirming downward departure where defendant's

4

incarceration would create extraordinary hardship on employees because the businesses would close in his absence); *U.S. v. Romano*, No. 08-CR-76, 2008 WL 4427759, at *1 (E.D.N.Y. Sept. 16, 2008) ("[Defendant] presently owns a small commercial trucking business that employs four individuals whose jobs would be at risk if he were incarcerated."); *U.S. v. Khalid*, No. 09-CR-734, 2011 WL 6967993 (E.D.N.Y. Dec. 13, 2011) (sentencing considerations included defendant's ownership of several businesses employing over a dozen individuals); *U.S. v. Bueno*, No. 09 CR 625(HB), 2010 WL 2228570 (S.D.N.Y. June 3, 2010) (adjourning defendant's incarceration surrender date for thirty-six months so she could arrange for adequate child care).

Defendants were warned by the court that they were expected to take care of each other's families while they were running the business alone. Gorodetsky Sentencing Hr'g Tr. 18:20-19:7.

Restitution is ordered. Defendant Gorodetsky must pay $188,757 to the IRS; Rabkin will pay $148,999. The first $25,000 of restitution for each defendant is payable within six months. The remainder is payable at the rate of 10% of net income after taxes. No fines were levied because the defendants do not have, and are unlikely to have, assets to pay a fine in the foreseeable future after paying restitution and substantial back taxes. A $100 special assessment was imposed on each defendant.

## V. Conclusion

As required, the "nature and circumstances of the offense[s] and the history and characteristics of the defendant[s]" were considered. 18 U.S.C. § 3553(a)(1). The sentences imposed reflect the seriousness of the offense, will promote respect for the law, provide just punishment, and satisfy deterrence requirements. *See* 18 U.S.C. §§ 3553(a)(2)(A), (B).

SO ORDERED.

*[signature]*

Jack B. Weinstein
Senior United States District Judge

Dated: February 22, 2013
Brooklyn, New York